Mitchell WILLOUGHBY, Petitioner,

v.

Thomas L. SIMPSON, Warden, Respondent.

Civil Action No. 5:08–179–JMH.

United States District Court, E.D. Kentucky, Central Division at Lexington.

May 14, 2008.

---

David Hare Harshaw, III, Dennis J. Burke, Kentucky Department of Public Advocacy, Lagrange, KY, for Respondent.

## ORDER

JOSEPH M. HOOD, Senior District Judge.

Petitioner Mitchell Willoughby, an individual incarcerated in the Kentucky State Penitentiary in Eddyville, Kentucky, by and through counsel, has filed a Notice of Intention to File a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Record No. 2] and a Motion for Appointment of Counsel [Record No. 3].

In support of his motion to appoint counsel, Willoughby directs the Court's attention to 18 U.S.C. § 3599(a)(2), which provides that:

In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

Having reviewed Willoughby's motion, it appears that he fails to satisfy the requirements of Section 3599(a)(2) in two critical respects.

First, Section 3599 provides for the appointment of counsel for a defendant "[i]n any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence." To date, Willoughby has filed only a notice of his intention to file a habeas corpus petition under Section 2254, he has not yet filed the petition itself. Accordingly, there is not yet any "post conviction proceeding under section 2254 or 2255" to appoint counsel for.

To address this otherwise-clear deficiency, Willoughby points to the Supreme Court's decision in *McFarland v. Scott,* 512 U.S. 849, 855, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). In *McFarland,* the Court held that a would-be *pro se* petitioner has the right to counsel under Section 3599's predecessor statute, 18 U.S.C. § 848(q)(4)-(10), prior to the filing of the petition:

Construing § 848(q)(4)(B) in light of its related provisions, however, indicates that the right to appointed counsel adheres prior to the filing of a formal, legally sufficient habeas corpus petition.... This interpretation is the only one that gives meaning to the statute as a practical matter.... An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial, because "[t]he complexity of our jurisprudence in this area ... makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law.... Requiring an indigent capital petitioner to proceed without counsel in order to obtain counsel thus would expose him to the substantial risk that his habeas claims never would be heard on the merits." Congress legislated against this legal backdrop in adopting § 848(q)(4)(B), and we safely assume that it did not intend for the express requirement of counsel to be defeated in this manner.

*McFarland,* 512 U.S. at 854–56, 114 S.Ct. 2568.

The difficulty, of course, with reliance upon *McFarland* is that Willoughby is al-

ready represented by two attorneys, both apparently full-time employees of the Kentucky Department of Public Advocacy. These attorneys have prepared and filed on Willoughby's behalf a Motion for Leave to Proceed *In Forma Pauperis,* a Notice of Intention to File Habeas Corpus Petition, and Motion to Appoint Counsel in this case. These attorneys have also indicated that Willoughby must file his habeas corpus petition before May 24, 2008 before the one year statute of limitations runs under 28 U.S.C. § 2254(d)(1)(A). Accordingly, the core concern of *McFarland,* that a *pro se* habeas petitioner would be compelled to research and draft a habeas corpus petition on his own behalf, is simply not implicated. The Sixth Circuit has indicated that these facts are critical in distinguishing the facts of *McFarland* from the circumstances of other petitioners:

> McFarland was, until almost the very end, unrepresented and appearing completely pro se. It is this fact that provides the fundamental difference between McFarland and this case.... Throughout Stanford's direct appeal of his conviction, including the United States Supreme Court's review, the public defender for Jefferson County apparently represented Stanford. Since the adverse decision of the United States Supreme Court on his direct appeal in 1989, the Kentucky Department of Public Advocacy and the Capital Litigation Resource Center have represented Stanford. Unlike in the State of Texas, where there were no means to secure publicly financed counsel from the Texas Capital Resource Center, Kentucky provides counsel to indigent capital defendants not only during the actual trial and the direct appeal but also any post-conviction collateral attacks, including federal habeas corpus. See Ky.Rev. Stat. Ann. § 31.220 (1993). Kentucky has provided and continues to provide the very type of preapplication legal as-

sistance and representation that Section 848(q)(4)(B) requires.

Therefore, the core concern of *McFarland,* that an uncounselled prisoner would be required to "proceed without counsel in order to obtain counsel and thus would expose him to the substantial risk that his habeas claims never would be heard on the merits" simply does not exist here. *McFarland,* 512 U.S. at 854–55, 114 S.Ct. at 2572. Stanford has been, is, and will be represented by publicly financed, undoubtedly qualified, counsel.

*In re: Parker,* 49 F.3d 204, 209–10 (6th Cir.1995). Accordingly, the Court concludes that where the would-be habeas petitioner is represented by counsel, there simply does not yet exist any "post conviction proceeding under section 2254 or 2255" until the actual filing of the habeas petition because no more "expansive" reading of the term "proceeding" is required to give practical effect to Section 3599 under *McFarland.* Until a habeas corpus petition is filed, the Court lacks jurisdiction to entertain a motion for appointment of counsel under 18 U.S.C. § 3599(a)(2).

Second, even were the Court to conclude that Willoughby has initiated a habeas corpus proceeding by filing his request for counsel, it is unclear whether that request could be granted. Section 3599(a)(2) directs the appointment of counsel for any death-sentenced habeas petitioner "who is or becomes financially unable to obtain adequate representation...." As previously noted, Willoughby is represented by two attorneys employed by the Kentucky Department of Public Advocacy. If the DPA is providing representation to Willoughby and will continue to do so, presumably without expense, the Court is unable to conclude that he "is or [will] become[ ] financially unable to obtain adequate rep-

resentation." However, the Court is unable to determine the scope of DPA's representation of Willoughby on the sparse record before it, and accordingly will defer any final determination of this matter pending any further briefing.

Accordingly, the Court being sufficiently advised,

**IT IS HEREBY ORDERED** that Mitchell Willoughby's Motion for Appointment of Counsel [Record No. 3] be, and the same hereby is, **DENIED** without prejudice.